IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2219-BO

FILED
NOV 21 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

KENNETH KING, )
    Petitioner, )
)
v. ) **ORDER**
)
BUTCH JACKSON, )
    Respondent. )

Kenneth King ("petitioner"), a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds of successiveness. (D.E. # 8) Petitioner has responded, and the matter is ripe for determination.

## Background

On November 1, 2001, in Superior Court, Wake County, petitioner was convicted following a trial by jury of possession of implements of house breaking, felonious possession of stolen goods, and three counts of breaking and entering. King v. Jackson, No. 5:08-HC-2019-H, Docket No. 15 at 1 (E.D.N.C. filed July 2, 2009). At trial, petitioner proceeded pro se. After trial, with the assistance of counsel, pled guilty to habitual felon status. Id., Docket No. 15 at 2. Petitioner was sentenced to a term of 360 to 459 months' imprisonment. Id. Petitioner appealed to the North Carolina Court of Appeals, and in an unanimous published opinion filed May 20, 2003, the court found no error in judgment. Id. (citing State v. King, 158 N.C. App. 60, 62, 580 S.E.2d 89, disc. review denied, 357 N.C. 509, 588 S.E.2d 376 (2003)). The North Carolina Supreme Court denied discretionary review. Id. Petitioner subsequently filed two rounds of state post-conviction relief which were denied (Id. at 2-3)

On February 15, 2008, petitioner, through counsel,[1] filed a federal habeas petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district court. See King v. Jackson, No. 5:08-HC-2019-H (E.D.N.C.) In an order filed July 2, 2009, the Honorable Malcolm J. Howard dismissed Petitioner's § 2254 petition as time-barred. King, No. 5:08-HC-2019-H, Docket No. 15. On November 12, 2010, petitioner, proceeding pro se, submitted a second § 2254 petition to this court.

Petitioner alleges the following claims in this § 2254 petition: (1) ineffective assistance of trial counsel during his sentencing hearing for his habitual felon conviction; (2) involuntary plea of guilty to being an habitual felon; (3) due process violations by the Wake County Superior Court on post-conviction review; (4) ineffective assistance of appellate counsel; (5) trial court error in requiring him to proceed pro se; (6) trial court error in denying his motion to dismiss the charges against him; (7) insufficient evidence for the breaking and entering charge of the Griffin house; (8) insufficient evidence for the breaking and entering charge of the Holley house; (9) falsified or tampered with evidence; (10) conviction without an arraignment or a pretrial motions hearing; and (11) incompetence to represent himself. See Pet.

## Discussion

a.  Motion to Dismiss

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v.

---

[1] In the first petition, petitioner was represented by Bruce T. Cunningham, Jr.

Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952

As stated, petitioner previously filed a petition seeking habeas relief in this district which was dismissed as time-barred. King v. Jackson, No. 5:08-HC-2019-H (E.D.N.C. filed July 2, 2009) A § 2254 petitioner who wishes to file a successive federal habeas petition must first obtain authorization from the Court of Appeals. See 28 U.S.C. § 2244(b); see also United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir.); In re Williams, 444 F.3d 233, 235 (4th Cir. 2006).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The court recognizes that "not every numerically second petition is 'second or successive' with the meaning of the [Antiterrorism and Effective Death Penalty Act or 1996]." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). However, this petition is second or successive. The claims in this petition take issue with the same criminal judgment as questioned in the first petition. No newly discovered evidence is argued. The first petition was not dismissed without prejudice for failure to exhaust. Id. The claims in this petition raise issues about matters known to petitioner either at the time of the criminal proceedings in state

3

court or when he filed his first petition. The claims from the first petition are reasserted within the second petition, i.e., ineffective assistance of appellate counsel, petitioner did not voluntarily plead guilty to habitual felon, ineffective assistance of appellate counsel, and due process violations in the state post-conviction proceedings. Furthermore, the dismissal of the first § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128–29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"); see also Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (quotations omitted)); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."). Thus, court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A).

b.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

4

applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

5

Case 5:10-hc-02219-BO Document 10 Filed 11/21/11 Page 5 of 6

## Conclusion

Accordingly, respondent's motion is ALLOWED (D.E. # 6) and petitioner's habeas claims are DISMISSED without prejudice to allow petitioner to seek authorization with the Fourth Circuit to file this application in the Eastern District of North Carolina. The certificate of appealability is DENIED. The case is CLOSED and all other pending motions are DENIED as MOOT.

SO ORDERED. This 15 day of November 2011.

TERRENCE W. BOYLE
United States District Judge